UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas E. Phillips, # 319918, | ) C/A No. 8:13-1959-JMC-JDA |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) for |
| South Carolina Department of Corrections; | ) ***Partial*** Summary Dismissal |
| Manning Medical Facility; | ) |
| Dr. Jack M. Valpey; | ) |
| Cherly Werre; | ) |
| Michael A. Miles, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## *Background of this Case*

Plaintiff was an inmate at the Manning Correctional Institution of the South Carolina Department of Corrections when he filed this case.  At the time Plaintiff filed this case, he was serving a ten-year sentence for a second-degree burglary (non-violent) conviction entered in the Court of General Sessions for Horry County.  A change of address notice received from Plaintiff on July 29, 2013, indicates that Plaintiff would be released on August 1, 2013.  According to Plaintiff's change of address notice (ECF No. 11), Plaintiff will be residing in "NICHOLAS S.C. 29581."[1]  A search of the inmate database on the South  Carolina  Department  of  Corrections  website  (http://public.doc.state.sc.us/

_____

[1]According to the United States Postal Service website (www.usps.com), the zip code 29581 is for the Town of *Nichols* (in Marion County), South Carolina.

he suffers.

scdc-public/, last visited on Aug. 2, 2013) indicates that Plaintiff is no longer an inmate of the South Carolina Department of Corrections.

Plaintiff alleges deliberate indifference to his serious medical needs.  *See De'Lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013) ("'a prisoner's accusation that the care he is receiving is not adequate to treat his medical needs may support a claim of deliberate indifference.'"), and *Smith v. Smith*, 589 F.3d 736, 738–40  (4th Cir. 2009) (reversing grant of summary judgment in case alleging deliberate indifference to serious medical needs). In a separately-filed order, the undersigned is authorizing service of process upon Defendants Valpey, Werre, and Miles.

## *Discussion*

**Standard of Review for *Pro Se* Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Plaintiff is a *pro se* litigant, and thus his pleadings are accorded

---

[2]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true.  *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009).  Even when considered under this less stringent standard, the Complaint is subject to **partial** summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**The South Carolina Department of Corrections is immune from suit.**

The South Carolina Department of Corrections is immune from suit for monetary damages under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

Although suits against state governmental entities for injunctive relief are not barred by the Eleventh Amendment, *see Frew ex. rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law), Plaintiff's release from prison on August 1, 2013, renders

4

moot his requests for injunctive relief against the South Carolina Department of Corrections, the Manning Medical Facility, and the individual Defendants. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–88 (4th Cir. 2007); and *Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972).

**The Manning Medical Facility is not a person subject to suit.**

The Manning Medical Facility is a section of the Manning Correctional Institution. Inanimate objects − such as buildings, facilities, and grounds − do not act under color of state law. Hence, the Manning Medical Facility is not a person subject to suit under 42 U.S.C. § 1983. *See Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008); *cf. Roach v. West Virginia Reg'l Jail and Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the South Carolina Department of Corrections and the Manning Medical Facility from the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 2, 2013
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).